IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent. | ) ) ) | |
| v. | ) ) ) | No(s). CIV-16-712-D<br>CR-10-371-D |
| LEONARD D. ETHERIDGE, | ) ) | |
| Defendant/Movant. | ) | |

## **ORDER**

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. Relying on the Supreme Court's decision in *Johnson v. United States*, __U.S. __, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Defendant contends he unlawfully received a mandatory sentence pursuant to the residual clause of the Armed Career Criminal Act (ACCA or the Act), which was declared unconstitutional in *Johnson*. Defendant also contends that *Johnson* and *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) require the Court to revisit his career offender sentence imposed under U.S. Sentencing Guidelines § 4B1.1.[1] He requests that his sentence be commuted to 120 months.

The United States moves to dismiss the action on the grounds that Defendant waived his right to collaterally attack his sentence under his plea agreement. For the

---

[1] In *Welch*, the Court held *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.

reasons stated below, having found that Defendant knowingly and voluntarily waived his right to collaterally attack his sentence under § 2255, the Court grants the government's motion and finds Defendant's action should be dismissed. Furthermore, the Court finds Defendant's second proposition of error is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 2017 WL 855781 (Mar. 6, 2017).[2]

## BACKGROUND

Defendant was charged by Indictment with bank robbery with a dangerous weapon (Count 1), using a firearm during a crime of violence (Count 2), and being a felon in possession of a firearm (Count 3). Based on his Presentence Investigation Report (PSIR) [Doc. No. 102], Defendant was determined to be a career offender under United States Sentencing Guideline § 4B1.1 given his prior convictions for robbery with firearms. PSIR at 10-12. On February 28, 2011, Defendant pled guilty to Counts 1 and 2 pursuant to a written plea agreement [Doc. No. 66], in which he acknowledged that he knowingly and voluntarily waived his right to, *inter alia*, appeal or collaterally challenge his guilty plea, sentence and any other aspect of his

---

[2] The government, as an alternative ground, requested that the Court abate these proceedings pending the Supreme Court's resolution of whether *Johnson* applied retroactively to the sentencing guidelines. However, on March 6, 2017, the Supreme Court rendered its decision in *Beckles* in which it held that the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness. *Id.* at 896.

conviction. On October 24, 2011, Defendant was sentenced to 360 months' imprisonment (276 months as to Count 1 and 84 months as to Count 2), all terms to run consecutively.³ Defendant did not pursue a direct appeal of his sentence. Instead, on June 24, 2016, he filed the present motion to vacate pursuant to 28 U.S.C. § 2255 based on *Johnson*.

## DISCUSSION

Under 28 U.S.C. § 2255, a court must vacate, set aside, or correct a sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id*. Defendant, however, appears to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. So long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) ("Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights.") (citation omitted); *United States v. Hernandez,* 134 F.3d 1435, 1437 (10th Cir. 1998) ("A defendant's knowing and voluntary waiver of the statutory right to appeal his

---

³ Defendant's guideline range was 360 months to life. *See* PSIR, ¶ 90.

sentence is generally enforceable."). Under *Hahn*, the validity of the appeal waiver depends on (1) whether the appeal falls within the scope of the waiver of appellate rights; (2) whether Defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325.

Here, the plea agreement contained a clear waiver of the right to bring a collateral attack on Defendant's sentence. It states:

### Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:

   a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

   b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the

                Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

      c.      It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement at 6 [Doc. No. 66].

Defendant signed the agreement, acknowledging that he understood its terms. Defendant does not allege that he did not understand the waiver, but that the government broke its agreement to recommend a twenty-one to twenty-seven year sentence. Defendant, however, acknowledged in his agreement that he understood the Court had authority to impose any sentence within the statutory maximum for the offenses to which he pled guilty.

Lastly, the Court finds that enforcing the agreement would not result in a miscarriage of justice. Before the Court accepted the plea agreement, it assured itself that Defendant had not been coerced or misled in any way into entering into the agreement. A miscarriage of justice occurs only (1) where the court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327 (citations omitted). Upon review of the record, the

5

Court finds none of the aforementioned factors present here. The waiver in Defendant's plea agreement is unambiguous, and the record clearly reflects it was made knowingly and voluntarily. The sentence imposed was at the bottom of the guideline range. Accordingly, the Court finds Defendant is foreclosed from any collateral attack on his conviction.[4]

In addition, the Court finds Defendant is not entitled to relief in light of the Supreme Court's recent decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 2017 WL 855781 (Mar. 6, 2017) in which it rejected a void-for-vagueness challenge to the residual clause in the Guidelines and held that "the Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S.Ct. at 892. "Unlike the ACCA," the Court reasoned, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. In light of *Beckles*, Defendant's contention that *Johnson* and *Welch* require the Court to revisit his career offender sentence imposed under § 4B1.1 is without merit and accordingly, denied.

---

[4] This Court is not the first court to, in light of *Johnson*, deny relief on the basis of waiver of collateral review. *See, e.g., Tucker v. Snyder-Norris*, No. 0:15-53, 2015 WL 5826825 at *3 (E.D. Ky. Oct. 1, 2015) (holding that express waiver provisions of defendant's plea agreement precluded him from collaterally attacking his sentence based on the unconstitutional vagueness of the residual clause as announced in *Johnson*); *Johnson v. United States*, No. 15-2214, 2015 WL 7274022, at *2 (C.D. Ill. Nov. 16, 2015).

## CONCLUSION

Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 17th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE