IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-10-371-D |
| LEONARD D. ETHERIDGE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

The Court is in receipt of a letter from Defendant Leonard D. Etheridge dated March 17, 2024 [Doc. No. 196]. Liberally construed, it appears that Defendant is seeking appointment of counsel to assist him in pursuing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Upon consideration, the Court finds that appointment of counsel is not warranted at this time. Defendant indicates that he has already prepared a motion and apparently seeks assistance of counsel to marshal supporting materials. Moreover, the Court is aware of no binding precedent regarding a defendant's right to counsel for a motion under § 3582(c)(1)(A), but the Tenth Circuit has held in unpublished decisions that no constitutional right to counsel exists for a motion under § 3582(c)(2). *See United States v. Campos,* 630 F. App'x 813, 816 (10th Cir. 2015); *United States v. Carrillo*, 389 F. App'x 861, 863 (10th Cir. 2010); *United States v. Olden,* 296 F. App'x 671, 674 (10th Cir. 2008).[1]

---

[1] Generally, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). A right to counsel exists, however, for certain post-judgment proceedings. *See, e.g., Swazo v. Wyo. Dep't of Corr.*, 23 F.3d

Where counsel is not mandated, the decision whether to appoint counsel is a matter of judicial discretion. *See Engberg v. Wyo.*, 265 F.3d 1109, 1121-22 (10th Cir. 2001). Under the circumstances presented, the Court declines to appoint counsel for Defendant to pursue his motion at this time. Considering other appropriate factors, the Court finds that Defendant's desire for compassionate release does not currently warrant the appointment of counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (stating factors to be considered for discretionary appointment); *accord Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Therefore, the instant motion will be denied without prejudice to a future request, if appropriate.

Additionally, the Court denies Defendant's apparent request to provide him with discovery materials, sentencing minutes, and the presentence investigation report. The Court's Local Rules state that "an incarcerated defendant may not retain a copy of any version of a pre-sentence or post-violation report, nor may such reports be disseminated beyond the members of the prosecution or defense team unless otherwise ordered by the court." LCrR32.1(a). Further, an "incarcerated defendant may not retain a paper copy of any discovery unless, upon motion and a showing of good cause, the court orders the defendant be allowed to retain specifically enumerated discovery materials." LCrR16.3. Here, Defendant has not set forth any specifically enumerated discovery materials he needs to file his motion for compassionate release, and, even if he had, he has not shown good

---

332, 333 (10th Cir. 1994) ("[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required[.]").

cause as to why he would need such materials.[2] As for his request for the Court's sentencing minutes, it is unclear how that document would in any way aid Defendant in preparing his motion (which, according to Defendant, is already finished).

**IT IS THEREFORE ORDERED** that, to the extent Defendant requests that the Court appoint counsel for purposes of preparing and filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the request is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for discovery materials, sentencing minutes, and the presentence investigation report is **DENIED**.

**IT IS SO ORDERED** this 25th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Once filed, the Court will consider Defendant's motion for compassionate release and issue a corresponding order.